# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RAYMEL A. JONES, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-18-350-KEW
 )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
 )
       Defendant. )

## OPINION AND ORDER

Plaintiff Raymel A. Jones ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to

cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.

After the age of 18 has been attained by a claimant, disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute

---

impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was under the age of 18 when his application for supplemental security income was initially filed. He has since attained the age of 18. Claimant is alleged to have become disabled on August 24, 2005 due to a learning disability.

**Procedural History**

On February 24, 2009, Claimant, through his parents, applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. After appearing at an administrative hearing, the Administrative Law Judge ("ALJ") assigned to the case issued an unfavorable decision on August 3, 2010. On appeal to this

4

Court, the ALJ's decision was reversed and the case was remanded for further proceeding on March 29, 2013. After a supplemental hearing, an ALJ issued a second unfavorable decision. The Appeals Council remanded the matter for further proceedings on August 7, 2015. On remand, the case was considered by ALJ Ralph F. Shilling who conducted an administrative hearing by video on August 24, 2017 with Claimant appearing in Paris, Texas and the ALJ presiding from Dallas, Texas. The ALJ issued an unfavorable decision on October 31, 2017. On September 13, 2018, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

For the period before Claimant attained the age of 18, the ALJ made his decision at step three of the sequential evaluation governing the disability of children. He determined that Claimant's condition did not meet a listing and he had not been under a disability during the relevant period.

For the period after Claimant attained the age of 18, the ALJ made his decision at step five of the sequential evaluation. He determined Claimant did not meet a listing and that he retained

5

the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with limitations.

**Review**

Plaintiff asserts the ALJ committed error in his step five findings.

**Step Five Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of a learning disorder, oppositional defiant disorder, borderline intellectual functioning, and a history of right tibia/fibula fracture.2  (Tr. 249). The ALJ also determined Claimant did not meet a listing or the equivalency of a listing, singly or in combination of his impairments.  (Tr. 257).  The ALJ analyzed the six domains of functioning in light of Claimant's severe impairments.  He then turned to the assessment of Claimant's impairments since he turned 18.  The ALJ found Claimant retained the RFC to perform a full range of work at all exertional levels but with the non-exertional limitations of understanding, remembering, and carrying out short and simple tasks and instructions.  He found Claimant could ask simple

---

2 The ALJ determined that Claimant suffered from these severe impairments before he attained the age of 18 and that he did not develop any new impairments since attaining the age of 18.  (Tr. 257).

questions or request assistance. Work activity should be routine and repetitive. (Tr. 259).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of collator operator (clerical), checker II, and dragger, all of which were found by the ALJ to exist in sufficient numbers in the regional and national economies. (Tr. 260). Based on these findings, the ALJ determined Claimant was not under a disability since August 23, 2017, the day Claimant attained the age of 18, through the date of the decision. (Tr. 260).

Claimant contends the ALJ's decision at step five was not supported by substantial evidence because the vocational expert's testimony was inconsistent with the *Dictionary of Occupational Titles* ("DOT"). Specifically, the job of collator operator (DOT #208.685-010) requires a reasoning level of R2, the job of checker II (DOT #209.687-010) requires a reasoning level of R3, and the job of dragger (DOT #809.687-01, #921.663-050) requires a reasoning level of R2 or R3. 1991 WL 671753; 1991 WL 671809; 1991 WL 681563; 1991 WL 688042.

The ALJ limited Claimant to "short and simple tasks and instructions" and "routine and repetitive tasks." (Tr. 259).

7

Reasoning level 3 requires a claimant to have the ability t0 "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations." Reasoning level 2 requires a claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written instructions. Deal with problems involving a few concrete variables in or from standardized situations." Both of these reasoning levels exceed the RFC limitation imposed by the ALJ which would necessarily entail simple instructions and not detailed instructions which are required for all of the representative jobs. *See*, McKinnon v. Astrue, 2010 WL 3190621, *5 (D.Colo.); Allen v. Barnhart, 2003 WL 22159050, *10 (N.D. Cal.). The conclusion of the ALJ that the vocational expert's testimony is consistent with the DOT is erroneous. (Tr. 260). The responsibility to investigate any discrepancies between the vocational expert's testimony and the DOT lies squarely with the ALJ. Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999).

Addressing Defendant's arguments, this Court cannot conclude that the conflict in the reasoning levels is a "hidden" conflict since it has formed the basis for case authority in the Tenth

Circuit. Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005). Moreover, the mere act of the ALJ to ask the vocational expert whether his testimony is in conflict with the DOT does not remove the responsibility to ascertain a reasonable explanation for any apparent conflict – the vocational expert may be wrong. Defendant also seeks to deny Claimant's challenge to the vocational expert's testimony and the ALJ's adoption of it in his findings by asserting Claimant failed to allege the conflict in the testimony was "apparent" and "unresolved." No such talisman language is required by the case authority or the regulations in order to preserve a challenge. Additionally, Defendant contends neither Claimant nor his counsel preserved the argument of conflict by raising it before the ALJ. This Court agrees with Claimant that a similar conflict was not raised until the appeal and the Tenth Circuit did deny preservation. Id. at 1176. On remand, the ALJ shall explore and explain the apparent conflict between his RFC limitations, the DOT, and the testimony of the vocational expert.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

9

applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 30th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE